FILED
15-0149
3/31/2015 8:50:32 AM
tex-4703090
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# No. 15-0149

In the Supreme Court of Texas

## Good Shepherd Medical Center,
### Petitioner

### vs.

## Carolyn Watson,
### Respondent

On Petition for Review of the Sixth District Court of Appeals at Texarkana, Hon. Chief Justice Morriss and Justices Moseley and Carter, Presiding

# Second Unopposed Motion for Extension of Time

Good Shepherd Medical Center moves for a second 30-day extension of the deadline to file a Petition for Review in this matter so that Good Shepherd would need to file any Petition on or before May 1, 2015. Watson's counsel indicated that he is not opposed to the requested extension.

1

1.      Good Shepherd Medical Center was the Appellee in *Carolyn Watson v. Good Shepherd Medical Center*, No. 06-14-00025-CV (Tex.App.—Texarkana January 15, 2015).  On January 15, 2015, the Court of Appeals issued its opinion and judgment, reversing and remanding the case back to the trial court.  Good Shepherd did not seek rehearing in the Court of Appeals.  A Petition for Review is 45 days later, or by March 2, 2015 in this case.  Tex. R. App. P. 53.7(a).    With appropriate motion, the Court can extend the deadline.  Tex. R. App. P. 53.7(f).  This Court previously granted a 30-day extension, so that the Petition is currently due on April 1, 2015.

2.      Good Shepherd seeks a second 30-day extension of the deadline for filing a Petition for Review so that the new deadline would be May 1, 2015.

3.      Good cause exists for allowing Petitioner additional time to file its Petition for Review:

a.      This primary issue in this appeal is whether a slip and fall by a non-patient constitutes a health care liability claim – a subject under consideration by this Court in several cases, most notably *Ross v. St. Luke's Episcopal Hospital*, No. 13-0439.  This Court heard oral argument in that case in November 2014.  If Court issues a decision in that matter, it would obviously affect the manner in which Good Shepherd drafts the Petition in this case.  If this Court affirms the result in *Ross*, that result sets this case up for a Petition that would seek a *per curiam* reversal of the Court of Appeals' decision in this case.  Alternative, if this Court were to reverse, that result would require the

2

Petition in this case to emphasize the differences between the two contexts that connect this case to the provision of health care. During the first requested extension, this Court has not issued an opinion in the *Ross* case.

b. Additionally, the wife of counsel for Good Shepherd suffered several medical issues that have prevented counsel from being able to complete the Petition during the time provide. On March 10, 2015, counsel's wife went to the emergency room with a complaint of chest pain, resulting in a hospitalization and full cardiac work-up. While the cardiac work-up was (thankfully) negative, additional testing revealed problems with her gallbladder, which is now scheduled to be removed on March 30, 2015. The initial event, subsequent testing, and surgery have resulted in counsel being out of the office and not able to complete the Petition within the current deadline.

c. Moreover, since the Court of Appeals' opinion, other work has interfered with undersigned counsel's ability to complete the Petition for Review in this case in a timely manner. Petitioner's counsel has been involved in the following:

- Providing trial support (including pretrial strategy regarding admissibility of evidence, attending pretrial hearings, monitoring trial to preserve error, preparing/consulting on the jury charge, and arguing the jury charge) in four cases, three of which went to trial:

  o *McCowan v. North Dallas Pediatric Associates*, No. CC-12-07643-B, in

3

County Court at Law No. 2, Dallas County, Texas (trial began on January 26, 2015);

- o *Mangual v. Wieser*, CC-11-06685-E, in County Court at Law No. 5, Dallas County, Texas (trial scheduled for January 26, 2015 and continued after all pretrial deadlines);

- o *Avalos v. Matthews*, DC-11-15049, in the 68th Judicial District Court, Dallas County, Texas (trial began on February 10, 2015);

- o *Hernandez v. Pancorvo*, DC-11-10629, in the 134th Judicial District Court, Dallas County, Texas (trial began on March 2, 2015 – and will begin its fifth week of trial on March 30, 2015).

- Preparing for and presenting oral argument in the following cases:

- o *Key v. Richards*, No. 03-14-00116-CV, in the Third District Court of Appeals at Austin, Texas (argument occurred on February 11, 2015);

- o *Estate of Henson v. Bolin*, No. 14-10126, in the United States District Court for the Fifth Circuit (argument occurred on March 4, 2015); and

- o *Mitchell v. Saytu*, No. 05-14-00479-CV, in the Fifth District Court of Appeals at Dallas, Texas (argument scheduled to occur on March 31, 2015).

- Preparing for and presenting a defendant for deposition in a wrongful-death and survival action, *Johnson v. Jackson*, DC-14-08663, pending in the 134th Judicial District Court, Dallas County, Texas;

- Preparing for and attending depositions in Longview, Texas of a physician and two nurses in an alleged failure to diagnose cancer case, *Gibson v. Bryk*, No. 14-0568, pending in the 71st Judicial District Court, Harrison County, Texas;

- Attending meetings with potential expert witnesses;

- Preparing for and attending a summary judgment hearing in *Miller v. Whitaker*, No. CC-13-00088-B, pending in County Court at Law No. 2, Dallas County, Texas;

- Preparing for and attending a summary judgment hearing in *Hoyt v. Kim*, No. CC-11-01461-C, pending in County Court at Law No. 3, Dallas County, Texas; and

- Preparing Appellees' Brief in *Flores v. Chasco*, No. 05-14-00531-CV, pending in the Fifth District Court of Appeals at Dallas, Texas.

d. A reasonable cause justifying an extension of time in this context has been described as "any plausible statement of circumstances indicating the failure to file within the [briefing] period was not deliberate or intentional." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003). The nature of the legal

question presented and counsel's other commitments demonstrate that any failure to complete the Petition for Review on time is not or will not be deliberate or intentional.

4.     This Motion is not sought solely for delay but so that justice may be served.

Petitioner Good Shepherd Medical Center, therefore, prays that this Court extend the deadline for filing a Petition for Review for 30 days so that it may timely file a Petition on or before May 1, 2015.

Respectfully submitted,

_____
David M. Walsh IV
State Bar No. 00791874
dmwalsh@chambleeryan.com
Chamblee, Ryan, Kershaw & Anderson, P.C.
2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
(214) 905-2003 – Telephone
(214) 905-1213 – Facsimile

Counsel for Petitioner
Good Shepherd Medical Center

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Darren Grant, counsel for Respondent Carolyn Watson, about this request for an extension of the deadline to file a Petition for Review in the Supreme Court of Texas, and Mr. Grant indicated that he "[was] unopposed" to "an extension" of the deadline.



_____
David M. Walsh IV

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served on counsel for Respondent Carolyn Watson by email and facsimile on March 31, 2015:

Brandon Beck
Starr Schoenbrun Comte McGuire PLLC
110 N. College Avenue, Suite 1700
Tyler, Texas 75702
brandonebeck@gmail.com
(903) 534-0511

Darren Grant
Grant & Flanery, P.C.
216 W. Erwin, Suite 200
Tyler, Texas 75702
darren@gftexas.com
(903) 596-8086



_____
David M. Walsh IV